**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GORUCK HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>WOLF TACTICAL ACQUISITION<br>COMPANY, LLC, and<br>SOCIETY BRANDS, INC.,<br><br>    Defendants. | Civ. No. _<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff GORUCK Holdings LLC ("Plaintiff" or "GORUCK"), by and through its attorneys, hereby files this Complaint for patent and trade dress infringement against Defendant Wolf Tactical Acquisition Company, LLC ("Wolf") and its parent company Society Brands, Inc. ("Society") (collectively "Defendants"), alleging as follows:

**SUMMARY OF THE CASE**

1. This case arises from Defendants' unlawful infringement of GORUCK's patent, specifically U.S. Design Patent No. D1033877 (the "'877 Patent") and distinctive trade dress. GORUCK, a leader in the fitness and recreation equipment industry, has invested significant time and resources in developing and commercializing its innovative rucking products, including backpacks and accessories designed for carrying weighted plates. Defendants, having seen the success of GORUCK's products in the market, have knowingly copied GORUCK's patented designs, offering infringing products to consumers under the guise of their own brand.

2. Despite GORUCK's repeated communications and notice to Defendants regarding the infringement, they have continued to make, sell, and promote products that infringe

GORUCK's intellectual property rights. GORUCK now seeks to protect its intellectual property rights and recover damages for the infringement, including willful infringement, and to prevent further unlawful actions by Defendants. This lawsuit seeks to remedy Defendants' willful infringement and seek fair compensation for the harm caused to GORUCK's business and intellectual property rights.

## NATURE OF THE SUIT

3. Plaintiff incorporates the preceding paragraphs herein by reference.

4. This is an action for design patent and trade dress infringement arising under the laws of the United States, Titles 35 and 15, United States Code, based upon Defendants' infringement of GORUCK's intellectual property, including GORUCK's U.S. Design Patent No. D1033877 ("the '877 Patent") and GORUCK's distinctive trade dress.

5. Wolf sells traditional tactical gear, including every day carry ("EDC") Belts, range belts, vests and tactical backpacks under the brand name "Wolf Tactical," under which it recently launched a weighted rucking backpack plate carrier. The weighted rucking backpack infringes GORUCK's '877 Patent and GORUCK's trade dress in the design. Defendants offer for sale and sell the weighted backpack plate carrier in place of the patented product designed, manufactured and sold by GORUCK.

6. As a result of Defendants' unlawful infringement, Defendants have been wrongfully enriched, and GORUCK has been injured through loss of sales and goodwill, and accordingly seeks all available remedies under the federal patent statute, 35 U.S.C. §§ 284, 285 and 289, and the federal Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1118 and 1125(a).

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs herein by reference.

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331

and 1338(a).  Venue is proper in this District under 28 U.S.C. §1400(b) as Society is

incorporated in this District and Wolf was formed and resides in this District.

## THE PARTIES

9. Plaintiff incorporates the preceding paragraphs herein by reference.

10. Plaintiff GORUCK is a limited liability company with its principal place of business at 390

    16th Avenue South, Jacksonville Beach, FL, 32250.

11. Defendant Society Brands, Inc. is a Delaware corporation with a registered agent for service

    in this state at Corporation Trust Center, 1209 Orange St., Wilmington, DE, 19801.

12. Defendant Wolf Tactical Acquisition Company, LLC is a Delaware limited liability

    company, with a registered agent for service in this state at Corporation Trust Center, 1209

    Orange St., Wilmington, DE, 19801. Wolf also has an address at 3033 Whipple Avenue NW,

    Canton, OH, 44718.

13. Upon information and belief, Society is the corporate parent of Wolf.

14. Wolf is a tactical gear manufacturer that provides commercial goods in the United States and

    internationally to customers of the fitness and recreation equipment industry.

15. GORUCK owns patents in the field of rucking equipment and accessories, and it actively

    practices its technology and offers its services in the fitness and recreation equipment

    industry.

16. GORUCK has become a leader in the fitness and outdoor gear industry, specializing in

    rucking backpacks, footwear, apparel, and accessories designed for physical training and

    adventure. With a strong presence in the fitness community, GORUCK is renowned for its

    durable, high-quality products, including the iconic Ruck Plate Carrier 3.0 (the "GORUCK

    RPC"), which has been integral to the growing popularity of rucking as a fitness activity.

    GORUCK products are sold globally through its website, as well as through various third-

party retailers, and have been praised for their innovation, quality, and design. The company's products have garnered numerous awards for their design and performance.

17. GORUCK actively promotes its brand through strategic advertising campaigns, partnerships with military and fitness communities, and its popular events, such as the GORUCK Challenge, which bring together fitness enthusiasts from around the world. This strong market presence and the significant success of GORUCK's products in the marketplace make it evident to its competitors, including Wolf, that GORUCK is the pioneer in this field.

18. After witnessing GORUCK's success, Wolf chose to imitate GORUCK's design and launch a competing product, ultimately infringing GORUCK's patent and trade dress in the design.

## THE TECHNOLOGY AND THE PATENT-IN-SUIT

19.  Plaintiff incorporates the preceding paragraphs herein by reference.

20.  Since June of 2021, GORUCK has been marketing and selling the unique and distinctive GORUCK RPC.

21. In recognition of GORUCK's innovative design, the United States Patent and Trademark office on July 9, 2024 issued to GORUCK U.S. Design Patent No. D1,033,877 (the "'877 Patent" or "patent-in-suit"), entitled "Backpack for Carrying a Weighted Plate," which names Jason Jerome McCarthy, Christian Sbailo, and Spencer Metzler as inventors. A copy of the '877 Patent is attached hereto as Exhibit 1.

22. The '877 Patent claims the ornamental design as shown and described in the '877 Patent, including a backpack for carrying a weighted plate.

23. The '877 Patent is valid and enforceable.

24. GORUCK is the owner of the entire right, title, and interest in the '877 Patent.

25. GORUCK practices its technology and has the right to bring this action to recover damages for any current or past infringement of the patent-in-suit. GORUCK has never granted Wolf a

license to practice the patent-in-suit.

## THE ACCUSED PRODUCT

26.  Plaintiff incorporates the preceding paragraphs herein by reference.

27. Defendants have and continue to make, use, sell, offer for sale, and/or import in the United States products that infringe the patent-in-suit. More specifically, Defendants have and continue to make, use, sell, offer for sale, and/or import into the United States their "Weighted Rucking Backpack Plate Carrier" (the "Accused Product") in the United States and internationally. Publicly available information about the Accused Product can be found on the Wolf website at https://www.wolftacticalusa.com/products/weighted-backpack-plate-carrier?srsltid=AfmBOoqce9_jVh9pY46n-FcHX5Uvy7TQthQR7WRSfYAEcGB-LLYtbfR5. A copy of the webpage from the Wolf website, which provides publicly available information about the Accused Product, is attached hereto as Exhibit 2.

28. Upon information and belief, Wolf has and continues to make, use, sell, and offer for sale the Accused Product in the United States. As shown below, the Accused Product is virtually identical to the design claimed in the '877 Patent.[1]

---

[1] To the extent the illustrations included here reference elements (e.g., straps, fasteners) not claimed in the '877 Patent and not directly relevant to the analysis of design patent infringement, such elements nevertheless provide context as to the overall appearance of the Accused Product and the profound nature of the infringement.



| '877 Patent | Wolf Accused Product |
|---|---|
| FIG. 10 | |
| FIG. 11 | |



top

closure
member

front

ports

shoulder
straps

FIG. 12

top

back

shoulder
straps

sternum
strap

FIG. 13



FIG. 14

left
side
view



right
side
view

FIG. 15

top

FIG. 16



FIG. 17

base

FIG. 18

closure

pocket

fastener

front

shoulder
straps

ZIPPERED POCKET FOR SMALL ESSENTIALS

29. In the eye of the ordinary observer familiar with the relevant prior art, the claimed design of
the '877 Patent and the design of the Accused Product are substantially the same such that
the ordinary observer would be deceived into believing that the design of the Accused
Product is the design claimed in the '877 Patent.

30. The ordinary observer would give the most attention to the claimed '877 Patent design features because they are absent from the prior art and create the dominant visual feature of the perceptual attributes of the '877 Patent design.

31. The unique distinctive ornamental design of the GORUCK RPC is also protected by the common law of trade dress under the Lanham Act. 15 U.S.C. § 1125(a).

32. GORUCK's trade dress (the "GORUCK Trade Dress") is set forth on the left in the below graphic that shows how the GORUCK Trade Dress is appropriated by the Accused Product. The elements of the GORUCK RPC subject to trade dress protection include, without limitation, (A) the distinctive front shape, (B) back, (C) top having a handle located at the apex of the closure member, (D) bottom (base), (E) sides, (F) an oversized closure member, (G) curved ports which have an arc or radius, and (H) segmented webbing on the shoulder straps.

33. Defendants have blatantly appropriated the foregoing elements of the GORUCK Trade Dress in the Accused Product, as shown in the comparison below:

| GORUCK RPC | Wolf Tactical Accused Product |
|---|---|



34. Through the sales and marketing of GORUCK's Rucksack to customers through the United States, GORUCK has achieved substantial good will as noted above in paragraph 17. Accordingly, the GORUCK RPC has gained significant acquired distinctiveness and secondary meaning for its design, which consumers associate with GORUCK.

35. The trade dress used by the Accused Product copies the shape and contour of GORUCK's

Trade Dress and is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Accused Product in that the trade and consumers are likely to believe, or will believe, that an Accused Product is a GORUCK product.

36. On information and belief, one or both Defendants were aware of the GORUCK RPC before designing the Accused Product, and the size, shape, and contour of the Accused Product was directly copied from the GORUCK RPC, knowingly and intentionally to confuse customers.

37. Defendants have known of the existence of the '877 Patent since at least September 18, 2024.

38. Upon information and belief, Defendants' sales people and technical field representatives, who are full-time employees and over whom Defendants exert control and direction, provide assistance and instruction in connection with set up of the Accused Product and how to use the Accused Product in an infringing manner.

39. Upon information and belief, Defendants through their sales channels, sales people and technical field representatives, at least as early as September 18, 2024, were put on notice that making, using, offering for sale and selling the Accused Product infringed the '877 Patent and, despite this knowledge, continued their conduct of making, using, offering for sale and selling the Accused Product to customers for use with weighted exercise plates despite an objective likelihood that this conduct is unlawful and constitutes indirect infringement of the '877 Patent.

40. Upon information and belief, even after GORUCK put Defendants on notice of their infringement on or around September 18, 2024, Defendants have continued their conduct instructing customers how to operate the Accused Product in an infringing manner while being fully aware of the infringement. *See, e.g.*, the product listing on Amazon at https://www.amazon.com/WOLF-TACTICAL-Weighted-Backpack-Rucksack/dp/B0CTG35DCF?th=1, where Wolf continues to offer the Accused Product for sale with instructions that promote its use in a manner that infringes GORUCK's '877 Patent.

A copy of a screenshot of the webpage is attached hereto as Exhibit 3.

41. Upon information and belief, the Accused Product is not a staple of commerce and possesses no substantially non-infringing uses.

**GORUCK'S INTERACTION WITH DEFENDANTS**

42.   Plaintiff incorporates the preceding paragraphs herein by reference.

43. On September 18, 2024, GORUCK, through its counsel, sent a letter by email addressed to "Wolf Tactical Acquisition Company, LLC, a subsidiary of Society Brands, Inc." via the email address listed on Wolf's website: support@wolftacticalusa.com.[2] GORUCK's letter informed Defendants that Defendants' Accused Product infringed the '877 Patent. A copy of the letter is attached hereto as Exhibit 4.

44. GORUCK further provided information related to the '877 Patent, as well as publicly available information related to the Accused Product.  In its letter, GORUCK requested acknowledgment of the letter within fifteen (15) days.

45. On October 29, 2024, 41 days after GORUCK's initial communication to Defendants, GORUCK, through its counsel, sent a second letter via email and express mail. The letter was addressed again to support@wolftacticalusa.com and, upon identifying an additional contact, was also sent to legal@societybrands.com. The second letter reiterated GORUCK's positions and requested acknowledgment of the second letter within fourteen (14) days. A copy of the letter is attached hereto as Exhibit 5.

46. Defendants replied to GORUCK's second letter on November 11, 2024, stating they would respond to GORUCK's claims.  However, Defendants did not respond to GORUCK's claims until December, and only after GORUCK followed up.

---

[2] While the letterhead of the September 18, 2024 letter states "September 6, 2024," the letter was mailed via email and express mail to Defendants on September 18, 2024.

47. On December 6, 2024, Defendants through counsel summarily denied infringement, declining to disclose a basis for their non-infringement positions.

48. On December 18, 2024, counsel for GORUCK and Defendants conferred by telephone, during which Defendants again denied infringement and refused to disclose the basis for their non-infringement positions.

49. Based upon Wolf's continued sales of its infringing Accused Product, and its conduct in denying infringement allegations in the face of substantial evidence, Wolf's actions are willful and deliberate in the face of GORUCK's warnings.

## <u>COUNT I – INFRINGEMENT OF THE '877 PATENT</u>
## <u>DIRECT INFRINGEMENT OF THE '877 PATENT</u>

50. Plaintiff incorporates the preceding paragraphs herein by reference.

51. Defendants directly infringe and continue to directly infringe under 35 U.S.C. § 271(a) the '877 Patent either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States the Accused Product that infringes the '877 Patent.

52. Third parties, including Defendants' customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a) the '877 Patent, either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Product in the United States that infringe the '877 Patent, as described in detail above.

53. Defendants have had prior knowledge and notice of the '877 Patent and its infringement through prior correspondence from counsel for GORUCK to Defendants and through the filing and service of the Complaint in this action.

54. Defendants, through their prior correspondence with counsel for GORUCK, provided no facts

or basis why the Accused Product avoids infringement of the '877 Patent and Defendants continue to make, use, offer for sale, and sell the Accused Product in the United States despite an objectively high likelihood that these activities infringe the '877 Patent.

**INDUCEMENT OF INFRINGEMENT OF THE '877 PATENT**

55. Plaintiff incorporates the preceding paragraphs herein by reference.

56. Defendants have induced infringement and continue to induce infringement under 35 U.S.C. § 271(b).

57. Defendants have directly infringed the '877 Patent by making, using, offering for sale and selling the Accused Product to customers as described in detail in the foregoing.

58. Defendants have actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally, induce infringement of the '877 Patent by selling or otherwise supplying the Accused Product with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States, for their intended purpose to infringe the '877 Patent, and with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Product.

59. Upon information and belief, Defendants make, offer for sale, sell, and have sold the Accused Product to customers for use with weighted rucking plates in the United States.

60. Upon information and belief, Defendants' sales people and technical field representatives, who are full-time employees and over who Wolf exerts control and direction, provide assistance and instruction in connection with how to use the Accused Product, including use with weighted rucking plates, in an infringing manner and with the intent that the Accused Product operate so that it infringes the '877 Patent.

**CONTRIBUTORY INFRINGEMENT OF THE '877 PATENT**

61. Plaintiff incorporates the preceding paragraphs herein by reference.

62. Defendants have directly infringed the '877 Patent by making, using, offering for sale and selling the Accused Product to customers via at least their website and on Amazon as described in detail in the foregoing.

63. Defendants have contributed and continue to contribute to the infringement by third parties, including its customers, of the '877 Patent, under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States via at least their website and on Amazon their weighted exercise plates, knowing that those products constitute a material part of the inventions of the '877 Patent, knowing that those products are especially made or adapted with the Accused Product to infringe the '877 Patent.

64. Upon information and belief, Defendants offer for sale, sell, and have sold the Accused Product and their weighted exercise plates to customers in the United States via at least their website and on Amazon.

65. Upon information and belief, Defendants offer for sale, sell, and have sold the Accused Product to customers for use with weighted exercise plates.

66. Upon information and belief, Defendants' sales people and technical field representatives, who are full-time employees and over who Defendants exert control and direction, provide assistance and instruction in connection with how to use the Accused Product in an infringing manner and with the intent that the Accused Product operate so that it infringes the '877 Patent.

67. Upon information and belief, even after GORUCK put Defendants on notice of their infringement by way of the September 18, 2024 letter, Defendants have continued their conduct instructing customers to operate the Accused Product in an infringing manner and being fully aware of the infringement.

68. Upon information and belief, the Accused Product is not a staple of commerce nor does it have any substantial non-infringing use.

69. GORUCK has been and continues to be damaged by Defendants' infringement of the '877 Patent. GORUCK has no adequate remedy at law.

**<u>WILLFUL INFRINGEMENT OF THE '877 PATENT</u>**

70. Plaintiff incorporates the preceding paragraphs herein by reference.

71. Upon information and belief, Defendants have been aware of the '877 Patent since at least September 18, 2024.

72. As described in the foregoing, at least by September 18, 2024, Defendants were on notice that the making, using, offering for sale and selling of the Accused Product infringed the '877 Patent. As further described in the foregoing, GORUCK expressly notified Defendants of how and why the '877 Patent was infringed by the making, using, offering for sale or selling of the Accused Product, which was unlawful, infringing conduct.

73. As described in the foregoing, Defendants responded to GORUCK's communications regarding infringement of the '877 Patent by the Accused Product only by offering summary dismissal of the infringement allegations, and continue to make, use, offer for sale and sell the Accused Product. Although GORUCK expressed a willingness to engage in discussions, Defendants refused to disclose their non-infringement positions, thereby hindering any meaningful dialogue.

74. Upon information and belief, Defendants continue to compete for business from GORUCK's customers, by offering a rucking article for use with weighted rucking plates that they are aware infringes the '877 Patent.

75. Having prior knowledge of the '877 Patent, Defendants knew or should have known that, without taking a license to the patent-in-suit, their actions continue to infringe the '877 Patent. Therefore, Defendants have willfully infringed the '877 Patent and continue to do so.

## COUNT II – TRADE DRESS INFRINGEMENT

## (15 U.S.C. § 1125(a))

76. Plaintiff incorporates the preceding paragraphs herein by reference.

77. This is a claim for trade dress infringement arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

78. For over fifteen years, GORUCK has been, and is presently, engaged in the distribution, promotion, and sale of its line of rucksacks throughout the United States. Continuously and since June of 2021, long prior to Defendants' acts, GORUCK has been distributing, promoting, and selling in interstate commerce the GORUCK RPC with the GORUCK Trade Dress. For a substantial period of time, and continuing through the present, the GORUCK RPC was sold with the distinctive GORUCK Trade Dress.

79. The GORUCK Trade Dress is arbitrary and non-functional. As a result of GORUCK's established use and extensive promotion and sales, the GORUCK Trade Dress has acquired distinctiveness and has become well and favorably known to distributors and end-users as identifying GORUCK as the sole and exclusive source thereof.

80. Consumers have also come to recognize that the GORUCK RPC, in its distinctive trade dress, is of high quality and, as a result, the distinctive GORUCK Trade Dress has come to represent valuable goodwill which GORUCK owns.

81. The GORUCK Trade Dress is distinctive and has acquired secondary meaning.

82. The trade dress used by the Accused Product copies the unique and distinctive elements of the GORUCK Trade Dress and is likely to cause confusion, mistake, or deception (including without limitation initial interest, point-of-sale, post-sale, and/or reverse confusion) as to the source of origin, sponsorship, or approval of the Accused Product, in that the trade and consumers are likely to believe, or will believe, that the Accused Product is GORUCK's

product.

83. GORUCK has never authorized, licensed, or consented in any way to Defendants' use of GORUCK's distinctive, well known, and extremely valuable GORUCK Trade Dress.

84. A nearly limitless number of other designs could have been used for the Accused Product sold and distributed by Defendants, rather than a design which copies the design of GORUCK's well known GORUCK RPC.

85. Defendants' use of the GORUCK Trade Dress has caused and is likely to cause actual confusion as to the source or origin of the Accused Product and constitutes trade dress infringement.

86. As a result of Defendants' acts of trade dress infringement, GORUCK has suffered and will continue to suffer damages in an amount to be proven at trial.

87. By reason of the foregoing, Defendants have violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). GORUCK has no adequate remedy at law and is suffering irreparable harm.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, GORUCK Holdings LLC prays for judgment against Defendants Wolf Tactical Acquisition Company, LLC and Society Brands, Inc., jointly and severally as follows:

A.      Pursuant to 35 U.S.C. § 271, enter a judgment that Defendants have infringed the patent-in-suit by making, offering for sale, selling, importing or using the Accused Product;

B.      Pursuant to 35 U.S.C. § 284, award GORUCK all damages adequate to compensate it for Defendants' infringement of the patent-in-suit, such damages to be determined by a jury with an award of pre-judgment and post-judgment interest, including lost profits and interest, but in no event less than a reasonable royalty and pursuant to 35 U.S.C. § 289, award GORUCK the total extent of Defendants' total profits derived from sales of the Accused Product;

C.      A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.      Pursuant to 35 U.S.C. § 283 grant an order preliminarily and permanently enjoining Defendants and their officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the patent-in-suit;

E.      An order requiring Defendants to recall the Accused Product from all third-party retailers and distributors, and to provide notice to all customers who have purchased the infringing products that the product infringes GORUCK's '877 Patent;

F.      Pursuant to 35 U.S.C. § 285 award GORUCK its costs and attorneys' fees incurred in connection with this action, upon judgment declaring this an exceptional case;

G.      Pursuant to 15 U.S.C. § 1125(a) a judgment that Defendants infringe the GORUCK Trade Dress;

H.      Pursuant to 15 U.S.C. § 1116, an order preliminarily and permanently enjoining Defendants and their officers, agents, servants and employees, privies, and all persons in concert or participation with it, from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States products that infringe the GORUCK Trade Dress by offering for sale the Accused Product or any other confusingly similar product that is likely to cause confusion, deception or mistake;

I.      Pursuant to 15 U.S.C. § 1117(b), award to GORUCK all of Defendants' gross profits and any other damages GORUCK has sustained as a consequence of Defendants' trade dress infringement and requiring Defendants' to account for all gains, profits and advantages derived by the Defendants' from the sale and distribution of the Accused Product, and that the award be trebled;

J.      Pursuant to 15 U.S.C. § 1117, award to GORUCK the costs of this action together

with reasonable attorneys' and investigators' fees and prejudgment interest; and

K.     That GORUCK be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

GORUCK Holdings LLC hereby demands a trial by jury on all issues so triable.

Dated: March 24, 2025

Respectfully submitted,

OFFIT KURMAN P.A.

By: */s/ Thomas H. Kramer*
Thomas H. Kramer (DE # 6171)
222 Delaware Avenue
Ste. 1105
Wilmington, DE 19801
P: 302-351-0908
Email:  tom.kramer@offitkurman.com

Attorneys for Plaintiff GORUCK Holdings LLC.